UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JARMAINE A. EADY, | ) |
| Plaintiff, | ) |
| v. | ) CV422-247 |
| CHATHAM COUNTY DETENTION CENTER, | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Jarmaine A. Eady filed this case under 42 U.S.C. § 1983 asserting various unconstitutional conditions at Chatham County Detention Center. *See* doc. 1 at 5-6. The Court granted him leave to proceed *in forma pauperis* and directed him to complete and return the necessary forms. *See* doc. 3 at 3-5. The deadline for him to comply with the Court's instructions has passed and he has only partially complied. *See* doc. 4.

This Court has the authority to prune cases from its dockets where parties have failed to comply with its Orders. *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution);

1

*Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Eady's failure to comply with the Court's instructions provides sufficient reason to dismiss his Complaint.

In addition to Eady's noncompliance, his Complaint also fails to state a claim upon which relief may be granted. The Prison Litigation Reform Act requires federal courts to screen all civil cases in which a prisoner seeks redress from a governmental entity or official. *See* 28 U.S.C. § 1915A. The Court must dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. *Id.* Similarly, 42 U.S.C. § 1997e(c)(1) allows the Court to dismiss any prisoner suit brought "with respect to prison conditions," for the same reasons stated in § 1915A.

### A.   Improper Defendants

Neither defendant that Eady has identified[1] can be sued under § 1983.  First, the United States enjoys sovereign immunity against any such claim.[2]  *See, e.g., Nicholson v. Johanns*, 511 F. Supp. 2d 1193, 1195 (S.D. Ala. 2007) ("Clearly, then, the federal government has not waived its sovereign immunity by consenting to suit under § 1983, inasmuch as § 1983 on its face does not and cannot apply to the actions of the federal government.").  Second, jails and prisons are not entities subject to suit under § 1983.  *See, e.g., Meyers v. Chatham Cnty. Det. Ctr.*, 2022 WL 1215640, at *1 (S.D. Ga. Apr. 25, 2022) ("[T]he Chatham County Detention Center is not an entity subject to suit.").  Accordingly, Eady's Complaint fails to identify any proper defendant.

---

[1] Eady's Complaint names both the United States and Chatham County Detention Center as defendants.  *See* doc. 1 at 1, 4.  The Clerk has only listed Chatham County Detention Center on the docket.  The Clerk is, therefore, **DIRECTED** to update the docket to reflect the parties that Eady has named.

[2] Even if the United States were not immune, Eady's Complaint does not include any allegations implicating the United States in the allegedly unconstitutional conditions.  *See* doc. 1 at 5.  The absence of any factual allegation against the United States supports dismissal for failure to state a claim upon which relief may be granted.  Such a defect might be amendable, as discussed below.  The United States' sovereign immunity, however, precludes any § 1983 claim.

B.   **Conditions-of-Confinement Claims**

Although Eady has failed to identify a proper defendant, he might, nevertheless, amend his Complaint to identify one. *See, e.g., Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("Generally, when a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action."  (citations omitted)).  The Court, therefore, proceeds to consider whether the factual allegations in Eady's Complaint might state a claim against *any* defendant.

The allegedly unconstitutional condition that Eady complains of is the presence of "black mold" in Chatham County Detention Center. *See* doc. 1 at 5. His only allegation concerning the mold's effect on him is his assertion that he has "been cough[ing] lately." *Id.* Those allegations are not sufficient to state a claim against any defendant.

Eady's complaint about the mold is most plausibly construed as alleging a violation of the Eighth Amendment based on exposure to an unreasonable risk of future harm or deliberate indifference to his medical needs. Claims that prison conditions violate the Eighth Amendment by creating an unreasonable risk require a two-prong showing: an objective

showing that the condition or risk is sufficiently serious, and a subjective showing that the defendants had a sufficiently culpable state of mind. *See, e.g., Brooks v. Warden,* 800 F.3d 1295, 1301 (11th Cir. 2015) (claim based on risk of future harm requires objective showing of "substantial risk of serious harm," "the defendants' deliberate indifference to that risk," and causation); *Thomas v. Bryant*, 614 F.3d 1288, 1303-04 (11th Cir. 2010) (discussing "two-prong showing" required for Eighth Amendment claims challenging conditions of confinement). Similarly, to offend the Eighth Amendment, a government official must display "deliberate indifference to the serious medical needs of prisoners . . . " *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This requires that (1) the prisoner suffered a sufficiently serious medical need; (2) to which the defendants were deliberately indifferent; (3) resulting in an injury. *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). Whether a serious medical need existed is an objective standard. *Milton v. Turner*, 445 F. App'x 159, 161-62 (11th Cir. 2011).

Eady's Complaint does not identify any sufficiently serious condition or medical need to satisfy the objective prong of any deliberate indifference claim. The presence of black mold, standing alone, is

insufficient to satisfy the objective prong of an indifference-to-risk claim. *See, e.g., Marine v. Kelly*, 2019 WL 2587814, at *4 (N.D. Fla. May 17, 2019) ("The conditions of which Plaintiff complains—the presence of black mold in the shower, dayroom, and cell—are not sufficiently serious or extreme to run afoul of the Eighth Amendment."); *Jordan v. Franks*, 2010 WL 4007641 at *2 (S.D. Ga. Aug. 30, 2010) (exposure to mold, mildew, and unpleasant smell did not sufficiently allege Eighth Amendment claim based on present harm or risk of future harm); *McIntyre v. Phillips*, 2007 WL 2986470, at *3 (W.D. Mich. Sept. 10, 2007) (finding that "unsubstantiated, perceived risk of future medical issues," was not sufficient to state an Eighth Amendment violation because "some exposure to black mold is a risk that society has chosen to tolerate."). His allegation that he has "been cough[ing]," without more, is insufficient to allege a serious medical need. *See, e.g., Vaughn v. Cambria Cnty. Prison*, 2018 WL 10036121, at *8 (W.D. Pa. Jan. 31, 2018) ("Congestion and a cough do not amount to serious medical needs."); *cf. Martinson v. Leason*, 22 F. Supp. 3d 952, 964 (D. Minn. 2014) ("bloody cough on top of cold symptoms," was not a "serious medical need"). Eady's Complaint,

therefore, fails to satisfy the objective prong of either type of Eighth Amendment claim implicated, regardless of the defendant identified.

Eady has also failed to allege sufficient facts to satisfy the subjective prong of his Eighth Amendment Claim. A prison official cannot be liable for inhumane conditions unless he is deliberately indifferent to them. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 836-38 (1970). Such indifference occurs when "the official knows of and disregards an excessive risk to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Eady alleges that he told a member of "staff" about the mold, but also alleges that same employee was "trying to do things to make our living area less hazard[ous]." Doc. 1 at 5. He also alleges, albeit vaguely, that other staff or officials are aware of the mold. *See id.* (alleging he's "complain[ed] to staff and some say 'So' or 'And[ ] what you want me to do about it.'"). Such an allegation is not sufficient to allege that any particular member of prison staff was deliberately indifferent.

Although he fails to state a viable claim, "when a more carefully drafted complaint might state a claim, a district court should give a *pro*

7

*se* plaintiff at least one chance to amend the complaint before the court dismisses the action." *Jenkins*, 620 F. App'x at 711. The Court might permit Eady to submit an amended complaint, but his failure to comply with the Court's instructions renders any such opportunity moot. As discussed below, however, his opportunity to object to this Report and Recommendation provides him with an opportunity to address both the procedural and substantive defects discussed above.

Accordingly, Eady's Complaint should be **DISMISSED**. *See* Fed. R. Civ. P. 41(b). The opportunity for Eady to object to this Report and Recommendation, discussed below, provides him **one final opportunity** to submit the required form. If he submits the form out-of-time, he must also submit a written explanation for his failure to timely comply with the Court's Order. Finally, if Eady wishes to pursue this case and he believes he can address the defects in his Complaint discussed above, he should submit an amended complaint within the fourteen-day objections period. Eady is advised that his amended complaint will supersede his original pleadings and therefore must be complete in itself. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n. 1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint");

8

*Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). The Clerk is **DIRECTED** to enclose blank copies of the Prisoner Trust Account Statement and Form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)) with the service copy of this Order for Eady's convenience.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 16th day of November, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA